**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ALI AGHAKASIRI,<br><br>    *Plaintiff*,<br><br>    v.<br><br>PAMELA J. BONDI, *et al.*,<br><br>    *Defendants*. | Civil Action No. 24 - 2898 (LLA) |

**MEMORANDUM OPINION**

Plaintiff Ali Aghakasiri, an Iranian citizen residing in Iran, seeks to compel Defendants—U.S. Attorney General Pamela Bondi, U.S. Secretary of Homeland Security Kristi Noem, U.S. Citizenship and Immigration Services ("USCIS") Director Joseph B. Edlow, and USCIS Texas Service Center Director Mary Elizabeth Brennan Seng—to reopen and adjudicate his visa case. ECF No. 9.[1]  Defendants have moved to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 10.  For the reasons explained below, the court will grant the motion and dismiss the case.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations drawn from Mr. Aghakasiri's amended complaint, ECF No. 9, are accepted as true for the purpose of evaluating the motion before the court, *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).  The court further takes

---

[1] Mr. Aghakasiri named several government officials in their official capacities as Defendants, *see* ECF No. 9, and their successors are "automatically substituted" as parties pursuant to Federal Rule of Civil Procedure 25(d).

judicial notice of "information posted on official public websites of government agencies." *Arab v. Blinken*, 600 F. Supp. 3d 59, 63 n.1 (D.D.C. 2022).

Under the Immigration and Nationality Act ("INA"), a foreign national with "exceptional ability in the sciences, arts, or business" may receive a visa—known as an EB-2 visa—to come to the United States. 8 U.S.C. § 1153(b)(2)(A). The process for obtaining an EB-2 visa generally begins when a prospective employer in the United States files an I-140 Immigrant Petition with USCIS on behalf of the foreign national. *See id.* § 1154(a)(1)(F); 8 C.F.R. § 204.5(k)(1); *see also* USCIS, *Petition Filing and Processing Procedures for Form I-140, Immigrant Petition for Alien Workers.*[2] The petition serves to demonstrate that the prospective employer wishes to hire the foreign national and has obtained the appropriate certification from the U.S. Department of Labor to do so. *See* 8 C.F.R. § 204.5(k)(4). But the Attorney General "may" waive the job offer and labor certification requirements if she "deems it to be in the national interest." 8 U.S.C. § 1153(b)(2)(B)(i); *see* 8 CFR § 204.5(k)(4)(ii).[3] A foreign national who believes that he qualifies for such a national-interest waiver may file the I-140 Petition himself and request the waiver. 8 C.F.R. § 204.5(k)(1).

Regardless of who files the I-140 Petition, the petition must include documentation supporting the foreign national's "exceptional ability," including at least three of the following:

> (A) An official academic record showing that the alien has a degree, diploma, certificate, or similar award from a college, university, school, or other institution of learning relating to the area of exceptional ability;

---

[2] *Available at* https://perma.cc/JM4S-7CF4.

[3] The authority to issue national-interest waivers was transferred from the Attorney General to the Secretary of Homeland Security as part of the Homeland Security Act of 2002, Pub. L. No. 107-296, § 451(b), 116 Stat. 2135, 2196. *See* 6 U.S.C. § 271(b). For clarity and consistency with earlier cases, the court will refer to the relevant decision-maker as the "Attorney General."

(B) Evidence in the form of letter(s) from current or former employer(s) showing that the alien has at least ten years of full-time experience in the occupation for which he or she is being sought;

(C) A license to practice the profession or certification for a particular profession or occupation;

(D) Evidence that the alien has commanded a salary, or other remuneration for services, which demonstrates exceptional ability;

(E) Evidence of membership in professional associations; or

(F) Evidence of recognition for achievements and significant contributions to the industry or field by peers, governmental entities, or professional or business organizations.

8 C.F.R. § 204.5(k)(3)(ii).[4]  To grant a national-interest waiver, the Attorney General must conclude that the following has been demonstrated by a preponderance of the evidence:

(1) That the foreign national's proposed endeavor has both substantial merit and national importance;

(2) That the foreign national is well positioned to advance the proposed endeavor; and

(3) That, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification.

*Matter of Dhanasar*, 26 I&N Dec. 884, 889 (AAO 2016).

In April 2024, Mr. Aghakasiri filed an I-140 Petition with the USCIS Texas Service Center seeking an EB-2 visa based on his "exceptional ability."  ECF No. 9 ¶ 12.  He also applied for a national-interest waiver on the basis that he intended to establish a learning program for K-12 students in the United States.  *Id.* ¶¶ 13, 25-29.  The following month, USCIS issued a Request for Evidence.  *Id.* ¶ 30; *see* USCIS, *Request for Evidence (RFE)* (explaining that USCIS may request

---

[4] If the standards set forth in Section 204.5(k)(3)(ii) do not apply to the foreign national's occupation, "comparable evidence" may be submitted in support of the petition.  8 C.F.R. § 204.5(k)(3)(iii).

that a petitioner send additional evidence if he failed to submit all required evidence, submitted evidence that is no longer valid, or the immigration officer needs more information to determine the petitioner's eligibility).[5]   In the request, USCIS explained that while Mr. Aghakasiri had provided information substantiating that he had an advanced degree and at least ten years of full-time experience in his field, he had not provided information substantiating a third criterion under Section 204.5(k)(3).   ECF No. 9 ¶¶ 31, 46.   USCIS also explained that Mr. Aghakasiri's petition did not merit a national-interest waiver because Mr. Aghakasiri had failed to "establish the national importance of the proposed endeavor, that he was well-positioned to advance the proposed endeavor, and that on . . . balance it would be beneficial to waive the EB-2 visa's job requirement and labor certification."  *Id.* ¶ 32.

In August 2024, Mr. Aghakasiri responded to USCIS's Request for Evidence with a packet of evidence to demonstrate his qualifications and the national significance of his proposed endeavor.   *Id.* ¶ 42.   Later that month, USCIS denied his I-140 Petition, concluding that Mr. Aghakasiri had established that he was an individual of exceptional ability under Section 204.5(k)(3) but had failed to demonstrate that his proposed endeavor warranted a national-interest waiver.  *Id.* ¶ 43.

In October 2024, Mr. Aghakasiri filed a petition for a writ of mandamus requesting that USCIS reopen his case.  *Id.* ¶ 44.  In response, USCIS reopened the case and, in January 2025, it issued a second Request for Evidence.  *Id.* ¶ 45.  In that request, USCIS reversed course from its earlier determination about Mr. Aghakasiri's qualifications and stated that his evidence was insufficient to establish that he had an advanced degree and at least ten years of relevant work

---

[5] *Available at* https://perma.cc/H4MU-XP5V.

experience under Section 204.5(k)(3)(ii)(A) and (B). *Id.* ¶ 46. USCIS also maintained that Mr. Aghakasiri had failed to establish that it would be beneficial to the United States to grant him a national-interest waiver. *Id.*

In April 2025, Mr. Aghakasiri submitted a second evidentiary packet to USCIS. *Id.* ¶ 47. Later that month, USCIS again denied his I-140 Petition, this time concluding that he had neither established that he was a person of "exceptional ability" nor shown that he was entitled to a national-interest waiver. *Id.* ¶¶ 48, 51.

In July 2025, Mr. Aghakasiri filed an amended complaint seeking to compel Defendants to reopen and adjudicate his I-140 Petition. *See generally* ECF No. 9. He challenges both USCIS's determination that he has not established "exceptional ability" and its determination that he is not entitled to a national-interest waiver. *Id.* ¶ 72. Defendants thereafter moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Mr. Aghakasiri cannot challenge the denial of his request for a national-interest waiver. ECF No. 10.[6] The matter is fully briefed. ECF Nos. 10, 12, 13.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action

---

[6] Defendants do not address Mr. Aghakasiri's claim that USCIS erred in concluding that Mr. Aghakasiri had not established "exceptional ability" under 8 C.F.R. § 204.5(k)(3)(ii), presumably because the court need not reach that question if it agrees with Defendants that Mr. Aghakasiri cannot challenge the denial of his request for a national-interest waiver.

unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction. *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177-78 (D.D.C. 2007). In reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and "'may consider materials outside the pleadings.'" *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)). Additionally, when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court is required to "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co.*, 642 F.3d 1139 (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam*); see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In determining whether a complaint fails to state a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

### III.   DISCUSSION

Defendants raise two arguments in their motion to dismiss: (1) that the court lacks subject-matter jurisdiction over Mr. Aghakasiri's APA claims related to the denial of his request for a national-interest waiver, ECF No. 10, at 3-5; and (2) that, to the extent Mr. Aghakasiri is raising a claim that the denial of the national-interest waiver was ultra vires, he has failed to state a claim on which relief can be granted, *id.* at 5-7.[7]  The court considers each in turn.

### A.   APA Claims

Defendants argue that the court lacks subject-matter jurisdiction over Mr. Aghakasiri's APA claims related to the denial of his request for a national-interest waiver because the INA places that discretionary decision beyond the purview of the court.  *Id.* at 3.  The court agrees.

In *Zhu v. Gonzales*, 411 F.3d 292 (D.C. Cir. 2005), the D.C. Circuit held that the INA "precludes judicial review" of the Attorney General's decision to grant or deny a national-interest waiver.  *Id.* at 294.  The Court began with the language of the INA's jurisdiction-stripping

---

[7] Defendants also argue that the court may disregard Mr. Aghakasiri's opposition to their motion to dismiss because it was untimely and accordingly treat their motion as conceded under Local Civil Rule 7(b).  ECF No. 13, at 2.  Given the presumption for deciding cases on the merits, the court declines to treat the motion as conceded.  *See U.S. Telesis, Inc. v. Ende*, 297 F.R.D. 159, 162 (D.D.C. 2013) (explaining that the purpose of the Federal Rules of Civil Procedure is to facilitate decisions on the merits).

provision, which directs that "no court shall have jurisdiction to review" certain decisions that are within "the discretion of the Attorney General." *Id.* (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)). The Court then looked at the provision concerning national-interest waivers—which provides that the Attorney General "may" grant a waiver "when [she] deems it to be in the national interest," 8 U.S.C. § 1153(b)(2)(B)(i)—and determined that it afforded the Attorney General "complete discretion," *Zhu*, 411 F.3d at 295, for two reasons. "First, the Attorney General in any particular case may 'deem' a waiver of the requirement to be in the 'national interest,' which determination calls upon h[er] expertise and judgment unfettered by any statutory standard whatsoever." *Zhu*, 411 F.3d at 495. "Second, even if the Attorney General deems a waiver to be in the national interest, the statute provide[s] that [s]he 'may'—not that [s]he must—then grant it." *Id.* In light of these discretionary features, the Court concluded that the waiver provision fell comfortably within the INA's jurisdiction-stripping provision. *Id.*; *see Masroor v. Noem*, No. 25-CV-256, 2025 WL 2439176, at *2-3 (D.D.C. Aug. 25, 2025) (same); *Bestman v. Dep't of Homeland Sec.*, No. 20-CV-564, 2025 WL 358764, at *4 (D.D.C. Jan. 31, 2025) (same).

To his credit, Mr. Aghakasiri does not dispute *Zhu*. ECF No. 12, at 3-4. Instead, he contends that even if USCIS's ultimate denial of a national-interest waiver is unreviewable, the court retains jurisdiction to review claims of legal error in connection with its consideration of his request. *Id.* at 4 (citing *Mawalla v. Chertoff*, 468 F. Supp. 2d 177 (D.D.C. 2007); *Mantena v. Johnson*, 809 F.3d 721 (2d Cir. 2015)). Mr. Aghakasiri is correct that courts have recognized that Section 1252(a)(2)(B)(ii) "does not deprive federal courts of jurisdiction to review pure questions of law," such as questions of statutory interpretation or USCIS's compliance with its procedural regulations, because those questions do not implicate discretion. *Mawalla*, 468 F. Supp. 2d at 181; *see Mantena*, 809 F.3d at 728-29. Thus, in *Mawalla*, a court in this district held that it had

jurisdiction to decide whether USCIS had erred in concluding that the plaintiff was statutorily ineligible to seek discretionary relief.  468 F. Supp. 2d at 181.  And in *Mantena*, the Second Circuit held that the district court had jurisdiction to consider whether USCIS had complied with required procedures before assessing whether to exercise discretion.  809 F.3d at 728-30.  But courts have also recognized that a plaintiff may not circumvent Section 1252(a)(2)(B)(ii)'s jurisdictional bar by "repackag[ing] his substantive disagreement with the agency's decision as a procedural challenge." *Karakenyan v. U.S. Citizenship & Immigr.*, 468 F. Supp. 3d 50, 57 (D.D.C. 2020); *see Doe v. McAleenan*, 926 F.3d 910, 915 (7th Cir. 2019) (explaining that a plaintiff may not "sidestep [Section] 1252(a)(2)(B)(ii) by artfully framing a challenge to the agency's substantive decision as a procedural claim").

Mr. Aghakasiri argues that USCIS committed four purportedly legal or procedural errors that this court has jurisdiction to consider: (1) "that the agency failed to engage with [his] detailed submissions," (2) "that USCIS reversed its own prior findings [on exceptional ability] . . . without acknowledging the reversal or explaining its reasoning," (3) that USCIS "applied an extra-regulatory evidentiary burden by discounting" certain pieces of evidence, and (4) that USCIS's April 2025 denial after reopening his case "lacked reasoned analysis and was not based on the evidentiary record."  ECF No. 12, at 4-5.  Defendants respond that Mr. Aghakasiri's objections are not "pure question[s] of law" but instead "are essentially claims of factual discrepancies between the purported persuasive weight of certain evidence and the different conclusion USCIS reached."  ECF No. 13, at 4-5.

Defendants have the better of the argument because none of Mr. Aghakasiri's asserted errors can be separated from the ultimate discretionary decision to grant or deny a national-interest waiver.  At bottom, Mr. Aghakasiri takes issue with USCIS's consideration of the evidence he

9

submitted.  *See* ECF No. 9 ¶ 43 (alleging that USCIS engaged in a "cursory review that ignored compelling evidence"); *see also id.* ¶ 34 (alleging that USCIS "fundamentally misunderstood" his proposed endeavor by not "recognizing its specific focus on establishing a supplementary STEM learning program"); *id.* ¶¶ 50-54 (detailing several pieces of evidence he believes did not "receive[] proper analysis"); *id.* ¶ 72 (alleging that USCIS's denial of his waiver "despite the evidence in the record demonstrating that he met the requirements" was arbitrary and capricious).  Review of Mr. Aghakasiri's claims would require the court to "delve into the merits of his visa petition and re-weigh the evidence," which is precisely what the court lacks jurisdiction to do.  *Karakenyan*, 468 F. Supp. 3d at 57; *see Doe*, 926 F.3d at 915-16.

### B.    Ultra Vires Claim

While not a freestanding count in his complaint, Mr. Aghakasiri describes USCIS's denial of his request for a national-interest waiver as "ultra vires."  ECF No. 9 ¶¶ 11, 76; *see id.* at 24. Defendants argue that Mr. Aghakasiri has not properly raised an ultra vires claim and that, if such a claim is before the court, he has failed to state a claim on which relief can be granted.  ECF No. 10, at 5-7.  The court again agrees with Defendants.

To begin, Defendants are correct that Mr. Aghakasiri did not properly raise an ultra vires challenge in his amended complaint.  *Id.* at 6 n.1.  In contrast to his APA claims, for which he "explicitly lists two causes of action and explains the theory," *Masroor*, 2025 WL 2439176 at *3, Mr. Aghakasiri only mentions the term "ultra vires" three times in his amended complaint, does not set forth a cause of action for ultra vires agency action, and does not address any of the elements required for ultra vires review, *see generall*y ECF No. 9.  The purpose of Federal Rule of Civil Procedure 8(a)(2)'s requirement that a plaintiff provide "a short and plain statement of the claim" is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Ruhumuriza v. Higgins*, No. 25-CV-109, 2026 WL 587636, at \*7 (D.D.C. Mar. 3, 2026) (alteration in original) (internal quotation marks omitted) (quoting *Woolcock v. The Michaels Org. LLC*, No. 23-CV-1375, 2023 WL 5951980, at \*1 (D.D.C. Sep. 13, 2023)).   The amended complaint's "mere[] use[] [of] 'ultra vires' as an adjective to describe conduct that [Mr. Aghakasiri] believes is unlawful," *Masroor*, 2025 WL 2439176, at \*3, is "not adequate to provide fair notice of this *ultra vires* challenge," *Ruhumuriza*, 2026 WL 587636, at \*7.   And while Mr. Aghakasiri devotes a portion of his opposition brief to an ultra vires claim, ECF No. 12, at 6-8, "it is axiomatic that a party may not amend his complaint through an opposition brief," *Masroor*, 2025 WL 2439176, at \*3 (quoting *Sai v. Transp. Sec. Admin.*, 326 F.R.D. 31, 33 (D.D.C. 2018)); *see Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020) (same).

But even if Mr. Aghakasiri had raised an ultra vires claim, Defendants would be entitled to dismissal under Rule 12(b)(6).   To state an ultra vires claim, the plaintiff must allege that "(1) review is not expressly precluded by statute, (2) 'there is no alternative procedure for review of the statutory claim' and (3) the challenged action is 'plainly' in 'excess of [the agency's] delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory.'" *Glob. Health Council v. Trump*, 153 F.4th 1, 20 (D.C. Cir. 2025) (alteration in original) (quoting *Changji Esquel Textile Co. v. Raimondo*, 40 F.4th 716, 722 (D.C. Cir. 2022)).   Ultra vires review poses a high bar because it requires that the defendants "violate[] a clear and mandatory statutory command" by committing an "error [that] is so extreme that one may view it as jurisdictional or nearly so." *Id.* (quoting *Changji*, 40 F.4th at 722).

Mr. Aghakasiri fails on the first prong because judicial review is expressly precluded by statute.   As explained previously, Section 1252(a)(2)(B)(ii) prevents the court from exercising jurisdiction over the Attorney General's discretionary decision about a national-interest waiver.

11

*See supra* pp. 7-10.  Where the "statutory review scheme forecloses . . . judicial review," as is the case here, "[u]ltra vires review is also unavailable." *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025).  Indeed, "to call a discretionary determination *ultra vires* is nearly a contradiction in terms," because "[w]hen Congress grants an agency discretion, [any] subsequent decisionmaking cannot go beyond that delegated power because Congress has deliberately omitted statutory constraints." *Masroor*, 2025 WL 2439176, at *4.  Accordingly, Mr. Aghakasiri "cannot use *ultra vires* [review] to end-run Congress's decisions to commit national interest waiver determinations to agency discretion and thereby preclude judicial review." *Id.*

What is more, any ultra vires claim would fail because it would be "simply a repackaging of [Mr. Aghakasiri's] APA claims." *Id.*  In his opposition brief, Mr. Aghakasiri attempts to substantiate an ultra vires claim by relying on the APA's prohibition on agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  ECF No. 12, at 6 (quoting 5 U.S.C. § 706(2)(A)).  That is just a "heartland arbitrary-and-capricious challenge under the APA, not a claim that the [agency] exceeded its statutory authority." *Eagle Tr. Fund v. U.S. Postal Serv.*, 811 F. App'x 669, 670 (D.C. Cir. 2020) (per curiam).

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Defendants' Motion to Dismiss, ECF No. 10. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:    March 19, 2026

12